UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BORDER CITY USA, INC.,

    Plaintiff,

v.

    Case No. 19-cv-10610
    Hon. Matthew F. Leitman

UNITED STATES OF AMERICA, *et al.*,

    Defendants
_____/

# ORDER (1) DENYING PLAINTIFF'S MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER (ECF #5) AND (2) ORDERING ADDITIONAL BRIEFING ON PLAINTIFF'S ALTERNATIVE REQUEST FOR A PRELIMINARY INJUNCTION

Plaintiff Border City USA, Inc. "is in the business of importing and exporting food products to and from Canada." (Compl. at ¶10, ECF #1 at Pg. ID 3.) In this action, Border City alleges that the Canadian government "delisted" it from importing goods into that country. (*See id.* at ¶26, ECF #1 at Pg. ID 6; Affidavit of Ricken Shah at ¶24, ECF #1 at Pg. ID 17.) This delisting related to food-safety issues raised by the Canadian government.[1] Border City then alleges that in response to Canada's action, Defendants "delisted" Border City from "its export license with the United States Department of Agriculture" and that they did so without due

---

[1] Border City denies that it had any responsibility for the creation, preparation, or packaging of the food that concerned Canadian authorities. (*See* Compl at ¶16, ECF #1 at Pg. ID 4.) It insists that "[i]ts sole connection to the alleged questionable product[s] was to export [them] to Canada." (*Id.*)

1

process of law. (Compl. at ¶¶ 28, 34-44 ECF #1 at Pg. ID 7-10.) Border City asks the Court to "overturn" the Defendants' decision to delist it and to "order the relisting of [it]." (*Id.* at ¶43, ECF #1 at Pg. ID 10.)

On March 1, 2019, Border City filed an emergency motion for a temporary restraining order, or, in the alternative, a preliminary injunction. (*See* Mot., ECF #5.) In that motion, Border City asks the Court to, among other things, "enter a temporary restraining order requiring the Defendants to reinstate the listing of [Border City]" and/or "enter [an] injunctive order prohibiting the Defendants from delisting or impacting [Border City's] export license for matters arising out of this cause of action." (*Id.* at Pg. ID 53-54.) The Defendants responded to Border City's emergency motion (*see* ECF #7), and the Court held a hearing on the motion on March 4, 2019.

For the reasons stated on the record, and for the additional reasons stated below, Border City's motion is **DENIED** to the extent it seeks a temporary restraining order.

# I

"The factors to be weighed before issuing a [temporary restraining order] are the same as those considered for issuing a preliminary injunction." *Monaghan v. Sebelius*, 916 F.Supp.2d 802, 807 (E.D. Mich. 2012) (citing *Workman v. Bredesen*, 486 F.3d 896, 904-05 (6th Cir. 2007)). These factors are:

> (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Nat'l Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 717 (6th Cir. 2003). Such preliminary relief "is an extraordinary remedy involving the exercise of very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (internal quotation marks omitted).

## II

As the Court explained on the record during the hearing on Border City's motion, an emergency temporary restraining order is not appropriate in this case for multiple reasons.

First, Border City has not yet persuaded the Court that the relief it requests would remedy its claimed injury. Border City's claimed injury is the inability to ship goods into Canada. But as Border City candidly acknowledges, two separate administrative actions are currently causing this injury – one taken by the Canadian government and one taken by the Defendants. More specifically, the Canadian government delisted Border City from importing goods into that country and Defendants delisted Border City from exporting goods to Canada, and it appears that Border City cannot import goods into Canada unless and until both delistings are

3

reversed or terminated. Thus, even if this Court were to order the Defendants to relist Border City, the Canadian delisting would continue to prevent Border City from importing goods into Canada. For this reason, it seems that Border City's claimed injury may not be redressed by the relief it seeks and that the Court may therefore lack Article III jurisdiction over this action. *See*, *e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (noting that for Article III standing to exist, "it must be likely, as opposed to merely speculative, that the [claimed] injury will be redressed by a favorable decision") (internal quotation marks omitted). The Court recognizes that Border City has not yet had an opportunity to respond to Defendants' arguments regarding Article III jurisdiction. Therefore, the Court is not in a position to make a final determination as to whether Border City lacks Article III standing. However, the Court's concerns about Border City's possible lack of Article III standing weigh heavily against the grant of a temporary restraining order. And even if Border City does have Article III standing, the apparent fact that its requested relief would not remedy its claimed injury persuades the Court that the extraordinary relief of a temporary restraining order is not appropriate here.

Second, Border City has not shown a strong likelihood that it will succeed on the merits of its procedural due process claim. As described above, Border City alleges that the Defendants delisted it from its export license without providing it sufficient procedural due process. "To establish a procedural due process claim, a

plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the [government] did not afford it adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). The Defendants have offered serious arguments as to why Border City does not have a protectible property interest in an export license. (*See* ECF #7 at Pg. ID 100-06.) For instance, Defendants have presented evidence that Border City does not hold such a license, and they have made a meaningful showing that the relevant statues and regulations do not create any protectible property interest in Border City's claimed right to export goods to Canada. (*See* Declaration of Shannon McMurtrey at ¶¶ 6-8, ECF #7-1 at Pg. ID 114-15.) Without further briefing on the merits of Border City's claims, the Court is not convinced that Border City is likely to prevail on the merits.

Finally, none of the other factors that the Court considers when analyzing a request for a temporary restraining order persuade the Court that, in light of the concerns described above, the extraordinary relief of such an order is appropriate here. While Border City has an interest in keeping its employees working and its business operational, the Defendants also have an interest in maintaining their trade and diplomatic relationships with Canada and in assisting the Canadians in any investigations related to the safety of food being imported into that country. The

5

Court cannot say that these remaining factors, individually or collectively, warrant emergency temporary relief.

### III

For all of the reasons stated above, and those stated on the record at the March 4, 2019, hearing on Border City's emergency motion, Border City's emergency motion is **DENIED** to the extent that it seeks a temporary restraining order. However, as noted above, Border City has not yet had a chance to respond to Defendants' arguments with respect to its request for a preliminary injunction, including the arguments related to the Court's subject-matter jurisdiction. The Court will not rule on that part of the motion before it has had a chance to take a hard look at full briefing from both sides. Accordingly, the Court's denial of a temporary restraining order is without prejudice to Border City's alternative request for a preliminary injunction. Border City shall file a response brief in further support of its motion for a preliminary injunction by no later than **March 11, 2019**. The Court will thereafter hold a telephonic status conference to discuss next steps in this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 5, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2019, by electronic means and/or ordinary mail.

                                                      s/Holly A. Monda
                                                      Case Manager
                                                      (810) 341-9764