UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BORDER CITY USA, INC.,

    Plaintiff,

Case No. 19-cv-10610
Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants
_____/

## ORDER (1) DISMISSING COMPLAINT (ECF #1) WITHOUT PRJEUDICE DUE TO LACK OF SUBJECT-MATTER JURSIDICTION AND (2) DENYING MOTION FOR TERMPORARY RESTRAINING ORDER (ECF #5) AS MOOT

Plaintiff Border City, USA, Inc. "is in the business of importing and exporting food products to and from Canada." (Compl. at ¶10, ECF #1 at Pg. ID 3.) In this action, Border City alleges that it is unable to ship food products from the United States into Canada at this time because (1) the Canadian government "delisted" Border City from that government's list of improved importers (*see id.* at ¶26, ECF #1 at Pg. ID 6; Affidavit of Ricken Shah at ¶¶ 18, 24, ECF #1 at Pg. ID 16-17) and (2) Defendants "delisted" Border City from "its export license with the United States Department of Agriculture." (*Id.* at ¶¶ 28, 34-44, ECF #1 at Pg. ID 7-10.)

In both the Complaint and an emergency motion for a temporary restraining order and/or preliminary junction, Border City seeks to restore its ability to ship food

products into Canada. It therefore asks the Court to "enter an injunctive order [reinstating its] listing and export license [with the United States] and restraining [Defendants] from delisting and otherwise precluding [Border City] from sending its product to Canada." (*Id.* at Pg. ID 11-12.) Border City has not asked the Court to require the Canadian government to reinstate its import privileges or to take any other action. (*See* Border City Reply Br., ECF #11 at Pg. ID 214.)

As the Court has previously explained:

> "Federal courts have limited jurisdiction, and [] can only exercise the powers vested in [them] by the Constitution and statute." *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). Federal courts also "have an independent obligation to investigate and police the boundaries of [their] own jurisdiction." *Id.* (internal quotation marks omitted). This duty "requires" a federal court to raise jurisdiction issues "when [it] see[s] them." *Id*.
>
> A federal court has subject-matter jurisdiction over a civil action only if, among other things, the plaintiff has Article III standing to bring the action. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 534 (6th Cir. 2002) ("Without Article III standing, the district court lacked subject-matter jurisdiction over the entire case.") "To establish standing under Article III, a plaintiff must show: '(1) it has suffered an 'injury in fact' that is (a) concrete and particularized[,] and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Heartwood*, 628 F.3d at 266 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81, (2000)).

(Show Cause Order, ECF #12 at Pg. ID 234.)

At a hearing on Border City's emergency motion, and in two subsequent written orders, the Court raised serious concerns about whether it has subject-matter jurisdiction over this action. (*See* Orders, ECF ## 8, 12.) The Court has questioned both whether "Border City's claimed injury is fairly traceable to Defendants' actions [and whether] Border City's requested relief would likely redress its claimed injury." (*Id.* at Pg. ID 235.) More specifically, the Court was not persuaded that even if it granted Border City all of the requested relief in this action (*i.e.*, an order requiring Defendants to relist Border City as an approved exporter to Canada) that Border Could would "be permitted to ship food products into Canada because the Canadian government's import ban would still be in place." (*Id.*) Thus, it was not clear to the Court that it could grant any relief that would cure Border City's claimed injury (the inability to ship food products into Canada).

The Court has given Border City multiple opportunities to cure this deficiency. First, it asked Border City questions in an effort to establish subject-matter jurisdiction at the hearing on Border City's emergency motion. It then directed Border City to address the subject-matter jurisdiction question in a reply brief further supporting Border City's request for a preliminary injunction. (*See* Order, ECF #8 at Pg. ID 203, 205.) Finally, the Court entered a show cause order in which it provided Border City "one additional opportunity" to establish the Court's

3

subject-matter jurisdiction. (Show Cause Order, ECF #12 at Pg. ID 232.) In the show cause order, the Court specifically asked Border City to "identify and apply the relevant legal principles concerning Article III standing and [to] cite case law supporting any claim by Border City that it has Article III standing here (including cases finding Article III standing under similar circumstances, if possible)." (*Id.* at Pg. ID 237.)

Border City filed its response to the show cause order on March 26, 2019. (*See* ECF #13.) In that response, Border City neither acknowledged the applicable test for Article III standing nor attempted to apply that test. Moreover, Border City has not cited a single case related to Article III standing, much less a case that found standing under circumstances resembling those here. Border City has therefore failed to "identify and apply the relevant legal principles concerning Article III standing." (Show Cause Order, ECF #12 at Pg. ID 237.)

Instead, Border City spent the vast majority of its response describing the numerous *statutes* that the Defendants allegedly violated. (*See* ECF #13 at Pg. ID 244-52.) But showing an alleged statutory violation is not the same thing as establishing Article III standing. Border City's lengthy statutory discussion thus does not cure the standing deficiency identified by the Court.

For all of these reasons, Border City has not persuaded the Court that it has subject-matter jurisdiction over this action. Accordingly, the Court (1) **DISMISSES**

Border City's Complaint (ECF #1) **WITHOUT PREJUDICE** due a lack of subject-matter jurisdiction and (2) **DENIES** Border City's motion for a temporary restraining order and/or preliminary injunction (ECF #5) as **MOOT**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 15, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764